

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:

Daniel Brewer,

  Debtor(s).

19-26799-NVA

Chapter 7

### ORDER ESTABLISHING PROTOCOL FOR CONDUCT OF REMOTE HEARING ON REAFFIRMATION AGREEMENT [ECF NO. 24]

This matter is before the Court pursuant to the Reaffirmation Agreement [ECF 24] filed in the above-captioned case. At the time of entry of this Order, the Governor of the State of Maryland has declared a state of emergency in response to the spread of COVID-19, the disease caused by the novel coronavirus. The Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus by limiting public contact to essential matters.

As a result, the United States Bankruptcy Court for the District of Maryland has reduced operations by continuing all non-emergency hearings and extending various deadlines.[1] Based on

---

[1] *See*, Standing Order 2020-07 entered by the U.S. District Court for the District of Maryland on April 10, 2020 (recognizing the need to prevent the spread of COVID-19 by limiting public contact to essential matters, extending filing deadlines, and postponing through June 5, 2020 all hearings other than those on essential matters in light of the state of emergency declared by the Governor of the State of Maryland). By its terms, the Standing Order applies to proceedings in the United States Bankruptcy Court for the District of Maryland. Standing Order 2020-07, *In re:*

the papers filed, this matter does not appear to meet the requirement for an emergency hearing. In accordance with 11 U.S.C. § 524(m)(1), the Court finds that the current operational emergency circumstances constitute "cause" to extend the 60-day period stated therein until the hearing can be held and concluded. The Court further finds that the notice provided in the Standing Orders and the limited opportunity for a hearing meet the requirement of "notice and a hearing" contained in § 524(m)(1). See 11 U.S.C. § 102(1).

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the following Protocols shall govern the conduct of and participation at the remote hearing held by video-conference and/or audio (when used collectively, "Remote Hearing") scheduled on the Reaffirmation Agreement [2].

## **PROTOCOLS**

Attorneys, witnesses, and parties that need to participate in the Remote Hearing, shall participate by video-conference. Individuals who wish to attend the hearing, but will not otherwise participate, may join the hearing by audio **only**.

**Any person who wishes to participate in or attend the Remote Hearing must register at https://usbcmd.wufoo.com/forms/z1t9dcdo11c2n5y/ at least 48 hours before the scheduled Remote Hearing.**

The information to join the Remote Hearing will be provided to registered participants by the Courtroom Deputy approximately three (3) hours prior to the Remote Hearing.

### I.   **Audio Participation**

Individuals listening to the Remote Hearing by audio must call in **at least 15 minutes prior** to the scheduled start time.

---

*Covid-19 Pandemic Procedures*, Misc. No. 00-308 (D. Md. 2020); *see also* Standing Order 2020-05; Standing Order 2020-04 (providing guidance relating to procedural orders entered to facilitate Court operations during the COVID-19 pandemic) (together with Standing Order 2020-07, the "Standing Orders"). In consideration of the Standing Order 2020-05, this Court issued Administrative Order 20-02, the terms of which are hereby incorporated by reference. Copies of the Standing Order and other standing and administrative orders entered by the District Court and this Court in light of the COVID-19 pandemic are available at www.mdb.uscourts.gov.

[2] Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017) permits witness testimony remotely for good cause in compelling circumstances and with appropriate safeguards. In light of the current exigent circumstances concerning COVID-19, the Court finds that good cause is present here under Rule 43(a) and Rule 9017.

## II. <u>Video Participation</u>

The Remote Hearing will be held using the Court's Zoom for Government platform ("Zoom"). Prior to the Remote Hearing, all parties shall familiarize themselves with Zoom, ensure that they have Zoom downloaded on the device that they will use to attend the hearing, and ensure that the device they will use is charged or that they have access to an electrical outlet.

Each party must connect to the Remote Hearing **at least 30 minutes prior** to the start time of the Remote Hearing. Each party and their counsel will remain in the waiting room until their matter is called by the Courtroom Deputy. After the Courtroom Deputy has called the case, the Court will take a roll of the parties participating by video-conference. At that time, counsel will enter their appearance. Each party who has connected to the Remote Hearing must announce their participation, providing their full name, affiliation, and the names of any other individuals watching or listening to the Remote Hearing through the participant's connection.

During the Remote Hearing, each participant must state his or her name prior to speaking. **All participants must mute their audio during the Remote Hearing, unless they are speaking or about to speak.** At the conclusion of their specific matter at the Remote Hearing, the party and their counsel will be excused and shall leave the Remote Hearing.

Direct Testimony may be submitted by proffer. The witness must attend and be prepared to testify. Witnesses should attend by video-conference. If a witness is unable to attend by video-conference, the attorney calling the witness must notify the Court at least 48 hours prior to the Remote Hearing and request permission for the witness to appear by audio.

The witness must be alone in a room during his or her testimony, with the exception, if appropriate, of the witness's attorney or court-approved translator. If the attorney or a translator will be present in the same room, the attorney presenting the witness must notify the Court at least 24 hours prior to the Remote Hearing. The witness may not be given assistance or "coached" in the substance of his or her testimony, whether via email, text messaging, notes, or any other form of assistance. The witness should be prepared to present a valid form of government issued photographic identification, such as a driver's license or passport, at the Remote Hearing. All participants appearing by videoconference must wear appropriate Courtroom attire and present themselves as if they were present in the physical Courtroom.

Participants should email the Court at hearings_NVA@mdb.uscourts.gov if they experience any technical issues during the Remote Hearing, including if they are disconnected or cannot enter the Remote Hearing.

## I. <u>Compliance</u>

Video-conference and telephonic appearances by multiple participants are only feasible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that an individual's conduct makes telephonic or video-conference appearances inappropriate.

cc: Debtor
Debtor's Counsel
Creditor
Creditor's Counsel

**END OF ORDER**